IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


O'DELL HALL, JR.,
      Plaintiff,

vs.                                      Case No. 3:06cv351/RV/EMT

SANTA ROSA C.I., et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

      This matter is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 16).  Leave to proceed in forma pauperis has been granted (Doc. 4).

      Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts

that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the amended complaint, the court concludes that dismissal of several Defendants and several of Plaintiff's claims is warranted.

Plaintiff names nineteen Defendants in this action:  the State of Florida; "Chapter 33-601"; Santa Rosa Correctional Institution (SRCI); the Warden of SRCI; the Assistant Warden of SRCI; the Inspector at SRCI; Z. Culpepper, a representative of the Office of the Secretary of the Department of Corrections (DOC); Officer J.B. Johnson; an unidentified white officer at SRCI; Sgt. Dean; Officer W.R. Sutton; Lt. Leavins; Lt. Hernandez; Nurse Howard; Nurse McCraig; Captain W.L. Gielow; D.T. Sanford, a classification officer at SRCI; Officer J. Hawthorn; and "State Classification" (Doc. 16 at 1, 2 and continuation pages).

Plaintiff alleges that on January 24, 2006, upon his arrival at SRCI from another institution, he informed the medical department that he had a medical pass for "no lifting," but the pass expired on January 23, 2006 (Doc. 16 at 7, Statement of Claims ¶ 3).  Defendant Johnson strip-searched Plaintiff, "ask [sic] a profane act to me," and put restraints on him (Doc. 16 at 7, Statement of Claims ¶ 8).  Plaintiff passed gas and Officer Johnson choked him (id.).  An unidentified white officer slapped Plaintiff (Doc. 16 at 7, Statement of Claims ¶ 9).  Sgt. Dean told Plaintiff he would go to Plaintiff's dormitory and gas him that week (Doc. 16 at 7, Statement of Claims ¶ 10).  Officer Sutton then shoved Plaintiff for not saying "Yes, sir" to Officer Johnson (Doc. 16 at 7 (attached pages), Statement of Claims ¶ 11).  Plaintiff was ordered to carry his property to his dormitory (Doc. 16 at 7 (attached pages)).  Plaintiff had to stop four or five times on the way to the dormitory and finally declared a medical emergency (id.).  Lieutenant Leavins ordered Defendants Johnson and Sutton to carry Plaintiff to his dormitory (Doc. 16 at 7 (attached pages), Statement of Claims ¶ 12).  Officers Johnson and Sutton slammed Plaintiff to the concrete, allegedly at the direction of Lieutenant Leavins (see Statement of Claims ¶ 4), causing Plaintiff's handcuffs to break loose (Doc. 16 at 7 (attached pages), Statement of Claims ¶ ¶ 8, 11, 12).  Plaintiff states his wrist was injured, he received a bump on his head, and his leg became swollen and bruised as a result of the incident (id.).  Plaintiff was examined by two nurses, Defendants Howard and McCraig, and he told them what occurred (Doc. 16 at 7 (attached pages), Statement of Claims ¶ ¶ 14, 15).

On January 26, 2006, Plaintiff filed a grievance with the warden regarding the incident involving Defendants Leavins, Johnson, and Sutton (Doc. 16 at 7 (attached pages), Statement of Claims ¶ 4).   Additionally, he submitted a note to the medical department requesting that photographs of his injuries be taken, and he asked Defendant Hernandez to call his family and the Federal Bureau of Investigation, but none of these requests were fulfilled (Doc. 16 at 7 (attached pages), Statement of Claims ¶ 13).

Also on January 26, 2006, Plaintiff was notified of two disciplinary reports that had been written against him regarding the incident (*id*.).   A disciplinary hearing was held on January 31, 2006, at which Defendants Gielow and Sanford presided (Doc. 16 at 7 (attached pages), Statement of Claims ¶ ¶ 4, 16, 17).   Plaintiff informed Defendants Gielow and Sanford "what went on," but they apparently found him guilty of the disciplinary violations (*id*.).   Plaintiff suggests that he was denied the opportunity to present witnesses in his defense (*id*.).   The same day, Plaintiff appealed the disciplinary decision to the warden  (Doc. 16 at 7 (attached pages), Statement of Claims ¶ ¶ 4, 16, 17).   On February 5, 2006, he submitted a grievance to the Secretary of the DOC  (Doc. 16 at 7 (attached pages), Statement of Claims ¶ ¶ 4, 7, 16, 17).   Defendant Culpepper denied the grievance (*id*.).

In February of 2006, Plaintiff was placed on Close Management I (CMI) status by SRCI and State Classification (Doc. 16 at 7 (attached pages), Statement of Claims ¶ ¶ 3, 19).   On February 26, 2006, Plaintiff submitted another grievance to Defendant Culpepper requesting an injunction for protection (Doc. 16 at 7 (attached pages), Statement of Claims ¶ 7).   On March 28, 2006, the SRCI inspector spoke with Plaintiff about the incident on January 24, 2006, at which time Plaintiff gave the inspector his copy of a document (Statement of Claims ¶ 16).   Two months later, on May 23, 2006, Plaintiff requested that the inspector return the document to him, but the inspector did not do so (*id*., ¶ ¶ 7, 16).

On May 1, 2006, Officer Hawthorn told Plaintiff that someone needed to trip him so his teeth would be knocked out (Doc. 16, Statement of Claims ¶ 18).   Plaintiff filed an emergency grievance with Defendant Culpepper regarding Officer Hawthorn's comment (Doc. 16 at 7 (attached pages), Statement of Claims ¶ 7).   On May 12, 2006, Officer Hawthorn commented to Plaintiff that he had breasts (*id*., Statement of Claims ¶ 18).   Plaintiff again filed a grievance with Defendant Culpepper

regarding the comment (Doc. 16 at 7 (attached pages), Statement of Claims ¶ 7).  On May 16, 2006, Plaintiff submitted a grievance to the SRCI Inspector regarding Officer Hawthorn's comments (Doc. 16 at 7 (attached pages), Statement of Claims ¶ 16).  The SRCI inspector responded that Plaintiff should address his complaint to Plaintiff's housing lieutenant  (Statement of Claims ¶ 16).  On May 24, 2006, Plaintiff notified the Secretary's Office that on May 11, 2006, Officer Hawthorn made a false statement to Sgt. Faith, Mr. Gunner Davis, and Defendant Culpepper (Doc. 16 at 7 (attached pages), Statement of Claims ¶ 7).  On June 19, 2006, Plaintiff asked the Assistant Warden for the job requirements of Lt. Leavins, Officer Johnson, and Officer Sutton (Doc. 16 at 7 (attached pages)). The remainder of Plaintiff's allegations is a narrative of events that occurred after Plaintiff filed the instant civil rights action, including Defendant Hawthorn's making additional threats and filing a false disciplinary report against Plaintiff (Doc. 16 at 7 (attached pages)).

Plaintiff claims that Defendants violated his First Amendment right to petition the Government for redress of grievances, his Fourth Amendment right to freedom from unreasonable searches and seizures, and his Fifth and Fourteenth Amendment rights to due process, as well as several provisions of the Florida Constitution and the Florida Administrative Code (Doc. 16 at 8 and attached pages).  As relief, he seeks millions of dollars from each Defendant (*id.*).

Initially, as Plaintiff was advised in a previous order to amend (Doc. 12), Chapter 33-601, the section of the administrative regulations of the DOC governing security operations of DOC facilities, is not a suable entity.  Therefore, Chapter 33-601 should be dismissed as a Defendant.

Additionally, Plaintiff's claims against the State of Florida, SRCI, State Classification, and the individual Defendants sued in their official capacities are barred by the Eleventh Amendment. It is well established that the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities.  Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974).  Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against the State of Florida, SRCI, State Classification, and the individual Defendants to the extent they are sued in their official capacities. Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Gamble v. Florida Department of Heath and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986).

Furthermore, Plaintiff does not seek prospective injunctive relief against Defendants.  Therefore, Plaintiff's claims against State of Florida, SRCI, State Classification, and the individual Defendants in their official capacities should be dismissed.

Additionally, Plaintiff has failed to state a basis for liability as to the Warden of SRCI, the Assistant Warden, the SRCI Inspector, and Z. Culpepper.  As Plaintiff was previously advised (*see* Docs. 9, 12), supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.  *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted).  Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.  *Id.* (citation omitted).  This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'"  *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'"  Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).  Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.  Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights."  Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994).  The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur.  *See* Harris v. City of Marion, 79 F.3d 56, 58-59 (7th Cir. 1996).

Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary.  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous."  Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, the only allegations involving the Warden, Assistant Warden, SRCI inspector, and Defendant Culpepper, are that Plaintiff submitted grievances to these individuals.  However, as discussed *supra*, the fact that these officials denied Plaintiff's grievances, alone, is insufficient to hold them liable for the conduct of other Defendants.  Because Plaintiff has failed to allege a causal connection between the conduct of the Warden, Assistant Warden, SRCI inspector, and  Defendant Culpepper, and the alleged constitutional violations committed by the other Defendants, the claims against these Defendants should be dismissed.  Additionally, to the extent Plaintiff claims that the supervisory Defendants' denial of his grievances violated his First Amendment right to seeks redress of grievances, he has failed to state a cognizable claim because he does not claim that he was denied access to the grievance process, only that his grievances were denied.

To the extent Plaintiff seeks to raise claims which he failed to exhaust through the administrative grievance process prior to August 15, 2006, the day he filed his complaint in this action, those claims should be dismissed.  Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Thus, the court should dismiss a claim such as this if it determines that exhaustion has not been accomplished.  Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998); *see also* Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997).

In the instant case, this court previously advised Plaintiff of his obligation to demonstrate that he exhausted each of his claims prior to initiating the instant lawsuit (*see* Docs. 9, 12).  In response, Plaintiff has submitted nothing to show that he exhausted any of his claims except his claim of excessive force as to Defendants Leavins, Johnson, and Sutton and possibly his due process

claims against Defendants Gielow and Sanford.  For example, Plaintiff has still failed to demonstrate he exhausted the issues of the unidentified white officer striking him and Sgt. Dean's alleged threat to gas him.  Additionally, Plaintiff cannot have exhausted the grievance process with regard to claims of threats and false disciplinary reports made by Defendant Hawthorn after August 15, 2006, the date the complaint was filed in this case.  Therefore, the claims against Sgt. Dean, the unidentified white officer, and Officer Hawthorn arising out of conduct that occurred after August 15, 2006, should be dismissed.

Additionally, the substance of Plaintiff's claims against Defendants Dean and Hawthorn do not state a constitutional violation.  Plaintiff alleges that on January 24, 2006, Sgt. Dean threatened to go to Plaintiff's dormitory and gas him that week.  Plaintiff states that Defendant Hawthorn told him that someone needed to trip him so his teeth would be knocked out and teased Plaintiff about having breasts.  Threats alone from a corrections officer are not cognizable as a violation of a constitutional right under § 1983.  McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) ("mere threatening language and gestures . . . do not, even if true, amount to constitutional violations"); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979).  That a Defendant's threatening remarks may have intruded on Plaintiff's peace of mind and caused him to be afraid does not infringe upon a constitutional right.  See Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989).  In short, "[t]he Constitution does not protect against all intrusions on one's peace of mind."  Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1990).

Although other circuit courts have recognized some exceptions to this general rule, namely, where a prisoner alleges he suffered severe psychological harm resulting from a threat to kill accompanied by conduct supporting the credibility of the threat, see e.g., Northington v. Jackson, 973 F.2d 1518, 1522 (10th Cir.1992) (parole officer's holding gun to prisoner's head while threatening to kill him), Hudspeth v. Figgins, 584 F.2d 1345 (4th Cir. 1978) (guard's threat to kill inmate combined with inmate's subsequent transfer from unsupervised work to work detail supervised by armed guards), or resulting from sexual abuse or harassment, see Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997), Plaintiff's allegations do not fall into these categories.  Plaintiff alleges that Defendant Dean threatened to gas him, and Defendant Hawthorn essentially threatened

to trip him; however, Plaintiff alleges nothing to show that the threats were anything but idle. Consequently, Plaintiff's claims against Sgt. Dean and Officer Hawthorn should be dismissed.

Plaintiff has likewise failed to state a claim against Lt. Hernandez.  Plaintiff alleges that Defendant Hernandez failed to respond to Plaintiff's requests that he contact Plaintiff's family and the FBI immediately following the incident on January 24, 2006, involving Defendants Leavins, Johnson, and Sutton.  To the extent Plaintiff claims that his rights were violated by Lt. Hernandez's failure to report or otherwise initiate an investigation of the other officers' alleged use of excessive force, such a claim is not actionable.  Plaintiff has no constitutional right to pursue a criminal action against Defendants Leavins, Johnson, and Sutton because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *See* Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973); *see also* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted).  Furthermore, a public official or agency has no affirmative constitutional duty to a member of the public to investigate or intervene on an alleged crime.  Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (claim that police violated due process by failing to conduct adequate investigation into violent incident between two citizens failed to state civil rights claim unless there was another recognized constitutional right involved); Beard v. O'Neal, 728 F.2d 894, 899 (7th Cir. 1984).  Because Plaintiff has failed to identify a federal right violated by Lt. Hernandez's failure to contact Plaintiff's family and the FBI, his claim against Lt. Hernandez should be dismissed.

Plaintiff has also failed to state a claim against Nurse Howard and Nurse McCraig.  Plaintiff alleges that they examined him after the January 24 incident involving Defendants Leavins, Sutton, and Johnson, and he informed the nurses of what occurred; however, he does not state how this conduct violated his constitutional rights.  Furthermore, although he alleges that two days after the incident, the medical department failed to respond to his request to photograph his injuries, Plaintiff does not allege that either Nurse Howard or Nurse McCraig was aware of the request or was otherwise involved in the failure of the medical department to respond.  Therefore, Plaintiff's claims against the nurses should be dismissed.

In sum, the only claims that appear to be exhausted and facially sufficient are Plaintiff's claims against Defendants Leavins, Johnson, and Sutton in their individual capacities for using excessive force, and Plaintiff's claims against Defendants Gielow and Sanford in their individual capacities for due process violations during the disciplinary proceedings.[1]   Therefore, the undersigned recommends that all other claims and Defendants be dismissed, and that the case be referred back to the undersigned for service of Plaintiff's excessive force claim against Defendants Leavins, Johnson, and Sutton, and Plaintiff's due process claims against Defendants Gielow and Sanford.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Plaintiff's claims against Chapter 33-601 of the Florida Administrative Code be **DISMISSED with prejudice** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.      That Plaintiff's claims against the State of Florida, SRCI, State Classification, and the individual Defendants in their official capacities be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), for Plaintiff's seeking monetary relief against Defendants who are immune from such relief.

3.      That Plaintiff's claims against the Warden of SRCI, Assistant Warden of SRCI, Inspector at SRCI, and Defendant Culpepper be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

4.      That Plaintiff's claim against the unidentified white officer and Plaintiff's claims against Officer Hawthorn arising out of conduct that occurred after August 15, 2006, be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted (failure to exhaust administrative remedies).

5.      That Plaintiff's remaining claims against Defendant Hawthorn, as well as Plaintiff's claims against Defendants Dean, Hernandez, Howard, and McCraig be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

---

[1]This statement does not constitute a determination that the exhaustion requirement has been satisfied as to either of these claims; nor does it in any way preclude Defendants from asserting an exhaustion defense.

Case No.:  3:06cv351/RV/EMT

6.      That the following Defendants be dismissed form this lawsuit:  Chapter 33-601, State of Florida, SRCI, State Classification, Warden of SRCI, Assistant Warden of SRCI, Inspector at SRCI, Z. Culpepper, unidentified white officer, Sgt. Dean, Officer J. Hawthorn, Lt. Hernandez, Nurse Howard, and Nurse McCraig.

7.      That the matter be remanded to the undersigned for further proceedings on the following claims:

a.      Defendants Lt. Leavins, W.R. Sutton, and J.B. Johnson violated Plaintiff's constitutional rights by using excessive force against him on January 24, 2006;

b.      Defendants W.L. Gielow and D.T. Sanford violated Plaintiff's due process rights during the disciplinary proceeding held on January 31, 2006.

At Pensacola, Florida, this 10<u>th</u> day of January 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**