IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


O'DELL HALL, JR.,
      Plaintiff,

vs.                                  Case No. 3:06cv351/RV/EMT

SANTA ROSA C.I., et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

      This case filed pursuant to 42 U.S.C. § 1983 is now before the court on Defendants' motion to dismiss Plaintiff's second amended complaint and supporting documents (Docs. 50, 61).[1] Because Defendants asked the court to consider matters outside the pleadings, the court advised the parties that the court may, at some future time and by separate order, treat Defendants' motion to dismiss and Plaintiff's response thereto as a motion for summary judgment and response, advised the parties of the importance and ramifications of Rule 56 summary judgment consideration, and directed Plaintiff to file a response to Defendants' motion (*see* Docs. 53, 73).  Plaintiff did not file a response to the motion; rather, he filed an unauthorized motion for summary judgment seeking judgment on the merits of his claims (Doc. 81).  The district court denied Plaintiff's motion for summary judgment on December 13, 2007, on the grounds that Plaintiff failed to obtain permission from the court prior to filing his motion, as required by previous order of the court, and in light of Defendants' pending motion to dismiss, Plaintiff's motion for summary judgment was premature (Docs. 91, 82).  On December 18, 2007, the court informed the parties that as of that date,

---

[1]After Defendants Leavins, Sutton, Johnson, and Gielow filed their motion to dismiss (Doc. 50), Defendant Sanford filed a motion to dismiss which expressly adopted and incorporated by reference the other Defendants' motion and did not make additional argument (*see* Doc. 61).

Defendants' motion to dismiss would be construed as a motion for summary judgment, and provided the parties until January 17, 2008, to file any Rule 56 materials that had not been previously provided (Doc. 93).  Upon review of the parties' submissions, it is the opinion of the undersigned that Defendants' motion for summary judgment should be denied.

I.     PROCEDURAL HISTORY

Plaintiff filed his second amended complaint alleging that Defendants Sutton and Johnson, in the presence of Defendant Leavins, used excessive force against him by slamming him to a concrete floor in an "unprovoked" attack, that a false disciplinary report was issued against him as a result of the incident involving Defendants Sutton, Johnson, and Leavins, and that Defendants Gielow and Sanford violated his due process rights during the disciplinary hearing by refusing his requests to present witnesses and other evidence (*see* Doc. 16).

Defendants, in their motion for summary judgment, assert that this action is barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997) (Doc. 50).

II.    FACTS

The following material facts are without substantial controversy.[2]  At all times relevant to this action Plaintiff was an inmate at Santa Rosa Correctional Institution (SRCI), and Defendants were correctional officers at SRCI.

Plaintiff alleges that on January 24, 2006, upon his arrival at SRCI from another institution, he informed the medical department that he had a medical pass for "no lifting," but the pass expired the day before, on January 23, 2006 (Doc. 16 at 7, Statement of Facts).  Plaintiff was ordered to carry his property to his dormitory, C-dorm (*id.*, attached page 1).  Plaintiff had to stop four or five times on the way to C-dorm and finally declared a medical emergency (*id.*).  Defendant Leavins arrived at the scene and ordered Defendants Johnson and Sutton to assist Plaintiff to his dormitory (*id.*).  In an unprovoked attack, Defendants Johnson and Sutton slammed Plaintiff to the concrete floor, causing his handcuffs to break apart (*id.*).  As a result of the incident, Plaintiff's wrist was

_____

[2]The court conveys as facts those factual allegations of Plaintiff's verified second amended complaint (Doc. 16), and the undisputed facts set forth in the documentary evidence submitted by the parties (*see* attachments to Docs. 50, 72, 81, 79).  If a fact is not included in this section, it is because the court has determined that it is not material to the issue raised in Defendants' motion, or it was not submitted in a form that complies with the requirements of Rule 56.

injured, he suffered a two-inch "knot" on his head, and his leg was bruised and swollen (*id.*).  On January 26, 2006, Plaintiff received a notice of disciplinary report for Unarmed Assault, violation code 1-2 (*id.*; Doc. 50, Ex. A).  The following disciplinary report, written by Defendant Sutton, was the basis for the charge:

> On 1/24/06 at approx [sic] 2:15 p.m. while assigned as CM escort, mysself [sic] and Officer Johnson was [sic] escorting Inmate Hall, Odell, DC# 490706 to C-dorm. When approaching the entrance of C-dorm, Inmate Hall pulled away from my custodial touch and fell to the ground, face down.  Once Inmate Hall was on the ground, I observed he had broken his hand restraints and was pulling his hands out from underneath him.  I gave Inmate Hall a verbal order to submit to hand restraints, but he refused.  I placed my right hand on his left shoulder and again ordered him to submit to hand restraints.  Inmate Hall became combative and attempted to strike me with his left elbow.  Force was used to protect myself. . . . Lt. Leavins observed this incident.

(Doc. 50, Ex. A).

A disciplinary hearing was held on January 31, 2006, at which Defendants Gielow and Sanford presided (Doc. 16 at 7, Statement of Facts, attached pages 1–2; Doc. 50, Ex. B).  Plaintiff informed Defendants Gielow and Sanford "what went on" (*see* Doc. 16, Statement of Claims, attached pages 33–34).  Defendants Gielow and Sanford found that Plaintiff was guilty of the charge of Unarmed Assault and ordered him placed in disciplinary confinement for sixty (60) days and suspended his privileges for fifteen (15) days (Doc. 50, Ex. B).  The basis for the decision was the following:

> Based in part on Officer W.R. Sutton's written statement and confirmed in the investigation that I/M Hall "became combative and attempted to strike" Officer Sutton with his left elbow.  He called for any and all inmates who may have been standing in the canteen line during this incident and his request was denied.  He called for the use of force video, but it was not reviewed by the investigating officer.  It was noted that he had some scrapes on his forehead, he stated was from the officer slamming him to the ground, and not from him pulling away and falling on the ground.  He requested that multiple pages of information that he had written down be read during the DR hearing and that request was denied after briefly reviewing the information, that did not offer any other evidence than what was presented by the investigating officer.  The written pages appeared to be appeal material, and nothing to consider during the DR hearing process.  All witness statements were read and considered.

(Doc. 50, Ex. B).  Although the loss of gain time was a potential penalty (*see* Doc. 72, Ex. A), Plaintiff did not lose gain time as a result of the disciplinary violation (Doc. 50, Ex. C).  As a result of the disciplinary decision, Plaintiff's custody status was upgraded from CM II to CM I (*see* Doc. 16, Statement of Facts, attached page 1; *see also* Doc. 81, attached Report of Close Management, dated 03/15/2007).

On January 31, 2006, Plaintiff submitted an Inmate Request to the warden, which appeared to claim that Defendants Gielow and Sanford denied him the opportunity to present witnesses and other evidence at the disciplinary hearing (*see* Doc. 16, Statement of Facts, attached page 2, Statement of Claims, attached pages 12–13).  On February 5, 2006, Plaintiff submitted a grievance to the Secretary of the Department of Corrections regarding the alleged use of excessive force (*see* Doc. 16, Statement of Facts, attached page 2, Statement of Claims, attached pages 17–18).  On February 26, 2006, Plaintiff submitted another grievance to the Secretary requesting an injunction and complaining that he was refused presentation of eyewitnesses and a videotape at the disciplinary hearing (*see* Doc. 16, Statement of Facts, attached page 2, Statement of Claims, attached pages 18–19).

III.   LEGAL STANDARDS

A.    <u>Summary Judgment Standard</u>

In order to prevail on their motion for summary judgment, Defendants must show that Plaintiff has no evidence to support his case or present affirmative evidence that Plaintiff will be unable to prove his case at trial.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2553–54, 91 L. Ed. 2d 265 (1986).  If Defendants successfully negate an essential element of Plaintiff's case, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  *Id.*  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  <u>Anderson v. Liberty Lobby, Inc.</u>,  477 U.S. 242, 247, 106 S. Ct. 2505, 91 L.  Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law."  *Id.*; *accord* <u>Tipton v. Bergrohr GMBH-Siegen</u>, 965 F.2d 994, 998 (11th Cir. 1992).  Further, Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, <u>Matsushita Elec. Indus.</u>

Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient.  Celotex Corp., 477 U. S. at 324 (quoting Fed. R. Civ. P. 56(e)).  Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  Id.; Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by h[is] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'") (quoting Celotex Corp., 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c), (e))); Hammer v. Slater, 20 F.3d 1137 (11th Cir. 1994).  The Eleventh Circuit has consistently held that conclusory allegations without specific supporting facts have no probative value, and are legally insufficient to defeat summary judgment.  See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir.2000); Sammons v. Taylor, 967 F.2d 1533, 1544-45 & n.5 (11th Cir. 1992).

Evidence presented by Plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to Plaintiff. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999).  A motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 322.

B.     Bar to Relief Based Upon Heck v. Humphrey, 512 U.S. 477 (1994)

The Supreme Court has held that a prisoner in state custody cannot use a Section 1983 action to challenge "the fact or duration of his confinement."  Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); see also Wolff v. McDonnell, 418 U.S. 539, 554, 94 S. Ct. 2963, 41 L. Ed.2 d 935 (1974); Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). He must seek federal habeas corpus relief (or appropriate state relief) instead.

In the recent case of <u>Roberts v. Wilson</u>, the Eleventh Circuit set forth a concise summary of this line of cases, which is helpful in resolving the issue in the instant case and, therefore, will be repeated here in its entirety:

In <u>Heck</u>, the Supreme Court held that:

[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

<u>Heck</u>, 512 U.S. at 486–87, 114 S. Ct. at 2372 (involving § 1983 complaint alleging that defendants, acting under color of state law, engaged in unlawful acts during the criminal investigation that led to his arrest and conviction).  This means that a plaintiff may not obtain damages under § 1983 if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence."  *Id.*

The <u>Heck</u> principle has its origins in <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 93 S. Ct. 1827 (1973), which held that the sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus.  *See id.* at 500, 93 S. Ct. at 1841.  The Court reasoned that such an action constitutes an attack on "the very duration of . . . physical confinement," and thus it lies at "the core of habeas corpus."  *Id.* at 487–88, 93 S. Ct. at 1835.  Later, in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S. Ct. 2963 (1974), the Supreme Court reiterated that state prisoners must use petitions for writs of habeas corpus in seeking restoration of good-time credits, but held that actions challenging the validity of the procedures for revoking good-time credits, seeking damages and prospective relief, are properly brought under § 1983. *See id.* at 554–55, 94 S. Ct. at 2973–74.

However, <u>Balisok</u> limited the <u>Wolff</u>'s holding by relying on <u>Heck</u>.  <u>Balisok</u>, 520 U.S. at 644–46, 117 S. Ct. at 1587–88 (involving prisoner, who was found guilty of four prison conduct infractions, sentenced to 10 day isolation and 20 days segregation, and deprived 30 days' good-time credit, seeking monetary damages for use of wrongful procedures and injunctive relief).  The <u>Balisok</u> case involved a state prisoner's claim [that] was limited to the procedures of his disciplinary hearing through which his good-time credits were revoked; it did not directly attack the

revocation itself. Nonetheless, the Court held that the claim necessarily implied the invalidity of the punishment imposed and therefore could not be pursued unless the prisoner had succeeded in having the revocation penalty invalidated. *Id.* at 646–48, 117 S. Ct. at 1588–89.

Still, the Supreme Court has made clear that Heck is not categorically applicable to all lawsuits challenging prison disciplinary actions. *See* Muhammad v. Close, 540 U.S. 749, 754, 124 S. Ct. 1303, 1306 (2004). In Muhammad a prisoner filed a § 1983 action against a prison official, alleging that the official had charged him and subjected him to pre-hearing lockup in retaliation for earlier lawsuits and grievance proceedings the prisoner had filed. *Id.* at 753–54, 124 S. Ct. at 1305. The Court held that, because the suit did not necessarily affect the computation of "good time" credits, it "could not therefore be construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence." *Id.* at 754–55, 124 S. Ct. at 1306. Because the lawsuit did not implicate a claim that was cognizable in a habeas proceeding "Heck's favorable termination requirement was inapplicable." *Id.* at 755, 124 S. Ct. at 1306.

More recently, in Wilkinson v. Dotson, 544 U.S. 74, 76, 125 S. Ct. 1242, 1244–45 (2005), the Court held that the claims for declaratory and injunctive relief by two state prisoners challenging the validity of the procedures for determining parole eligibility that had been used to deny them parole were properly brought in a § 1983 proceeding. The reasoning was that, because a favorable judgment would not necessarily imply the invalidity of their convictions or sentences, and would not "necessarily spell speedier release, neither lies at 'the core of habeas corpus.'" *Id.* at 82, 125 S. Ct. at 1248. For that reason, the claims in Wilkinson were held not to fall within "the implicit habeas exception." *Id.*

Roberts v. Wilson, No. 07-10433, 2007 WL 4336446, at **1–2 (11th Cir. Dec. 13, 2007) (unpublished).

In Roberts, the inmate's Section 1983 complaint alleged that he was deprived of due process during a prison disciplinary proceeding, and it sought damages for the punishment that was imposed in the proceeding, namely, the revocation of good time credits. *Id.* at *3. Applying the Supreme Court law to the facts, the Eleventh Circuit held that Roberts' Section 1983 action was not cognizable in light of Heck and Balisok, because unlike the claim in Muhammed, Roberts's claim necessarily would be at odds with the revocation of his good time credits and with the State's calculation of the time he has left to serve on his sentence. Furthermore, unlike the claim in

Wilkinson, Roberts's claim necessarily would imply the invalidity of the penalty imposed, a penalty that affected the length of his sentence. *Id.*

However, in cases where an inmate's Section 1983 complaint did not seek to challenge the validity of the inmate's underlying conviction and did not seek to affect the time he would serve related to that conviction, the Eleventh Circuit has held that the complaint is not barred by Heck. *See* Pittman v. Tucker, 213 Fed. Appx. 867, 869 (11th Cir. 2007) (prisoner's § 1983 claims not Heck-barred because there was no indication that a judgment in his favor would necessarily imply the invalidity of his conviction or sentence; although prisoner claimed that officers retaliated against him by filing a false disciplinary report and placing him in confined management, there was no indication that these disciplinary actions affected his sentence; moreover, defendants did not assert that the disciplinary actions affected the length of plaintiff's sentence); Nelson v. Jimenez, 178 Fed. Appx. 983, 985 (11th Cir. 2006) (prisoner's § 1983 action against disciplinary hearing officer, alleging that officer violated due process rights during disciplinary proceeding that upheld charge for possession of marijuana and abuse of mail system, was not barred by Heck because plaintiff's complaint "did not seek to challenge the validity of his underlying conviction, and did not seek to affect the time he would serve related to that conviction").

IV.   CONCLUSIONS OF LAW REGARDING MATERIAL FACTS

As previously discussed, the Supreme Court noted in Muhammad v. Close that Heck does not apply categorically to all suits challenging prison disciplinary proceedings. 540 U.S. at 754. The court noted that administrative disciplinary determinations do not raise any implication about the validity of the underlying conviction which resulted in the inmate's incarceration. Furthermore, although Heck applies to claims for relief that necessarily imply the invalidity of disciplinary determinations that affect the duration of time to be served (*see* Edwards, 520 U.S. at 648), that is not the case here. In the instant case, it is undisputed that Plaintiff did not lose gain time as a result of the convictions; instead, he was placed in disciplinary confinement for sixty days, his privileges were suspended for fifteen days, and his custody status was upgraded from CM II to CM I. Indeed, Defendants do not assert that Plaintiff's sentence calculation was in any way impacted by the disciplinary decision. Based upon the Supreme Court decisions in Edwards v. Balisok and Muhammad v. Close, as well as the Eleventh Circuit decisions in Pittman v. Tucker and Nelson v.

Jimenez, the undersigned concludes that because Plaintiff's claims do not raise any implication about the validity of the underlying conviction for which he is incarcerated, his sentence for that conviction, or an administrative sanction that affected the length of his confinement, Heck's favorable termination requirement is inapplicable. *See* Johnson v. Burkette, No. 5:07cv49/RS, 2007 WL 2406988, at * 4 n.1 (N.D. Fla. Aug. 21, 2007) (noting that claims that challenge an administrative or disciplinary sanction that does not affect the overall length of a prisoner's confinement are not barred by Heck) (citing Muhammad, 540 U.S. at 754).[3]

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendants' Motions to Dismiss (Docs. 50, 61) be **DENIED**.

2. That the matter be referred to the undersigned for further proceedings.

At Pensacola, Florida, this 23rd day of January 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[3]Most other circuit courts to consider this issue agree that the favorable termination rule applies only to § 1983 suits that affect the fact or duration of a prisoner's confinement. *Compare* Peralta v. Vasquez, 467 F.3d 98, 104 (2d Cir. 2006) (favorable termination rule applies only to § 1983 suits that affect the fact or duration of a prisoner's confinement), Ramirez v. Galaza, 334 F.3d 850, 856–58 (9th Cir. 2003), Leamer v. Fauver, 292 F.3d 532, 544 (3d Cir. 2002), DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000), *and* Brown v. Plaut, 131 f.3d 163, 167–68 (D.C. Cir. 1997) *with* Huey v. Stine, 230 F.3d 226 (6th Cir. 2000), *overruled by* Muhammad, 540 U.S. 749, as recognized in Arbuckle v. Smith, 102 Fed. Appx. 26, 27 (6th Cir. 2004).